# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ROMSPEN INVESTMENT CORPORATION, § § | | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2373 |
| | § | |
| WEST POINT VILLAGE LLC, *et al.*, | § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss ("Motion") [Doc. # 7] filed by Defendant West Point Village LLC ("West Point"), to which Plaintiff Romspen Investment Corporation ("Romspen") filed a Response [Doc. # 13], and West Point filed a Reply [Doc. # 14]. Having reviewed the full record and applicable legal authorities, the Court **grants** the Motion to Dismiss without prejudice to Plaintiff filing an amended complaint.

## I.   BACKGROUND

Plaintiff, a Canadian corporation, sent to West Point (then known as Yellow Stone Investment LLC) a loan commitment ("Commitment") dated April 12, 2013. The Commitment is attached as Exhibit A to the Complaint [Doc. # 1]. The

Commitment relates to a $5,215,000.00 bridge loan to West Point to be used for the renovation of an apartment complex in Houston, Texas.

Romspen alleges that West Point, upon refusing to accept the loan proceeds, failed to pay $147,143.53 in fees, costs and expenses due under the Commitment. West Point has moved to dismiss. The Motion has been fully briefed and is now ripe for decision.

## II.    STANDARD FOR MOTION TO DISMISS

When considering a motion to dismiss, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted, *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington*, 563 F.3d at 147), a complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Iqbal*, 556 U.S. at 678; *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

Dismissal may be appropriate on the basis of a meritorious defense if that defense appears on the face of the complaint. *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, N.A.*, 467 F.3d 466, 470 (5th Cir. 2006). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

When a plaintiff's complaint is subject to dismissal, the court should generally give the plaintiff at least one opportunity to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

### III. <u>ANALYSIS</u>

#### A. <u>Subject Matter Jurisdiction</u>

Plaintiff alleges that this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1). *See* Complaint [Doc. # 1], ¶ 4. West Point moves to dismiss because § 1332(a)(1) provides for jurisdiction over controversies between citizens of different States, and Plaintiff is a citizen of Canada. Plaintiff responds that it intended to assert jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), which provides

for federal jurisdiction over controversies between citizens of a State and citizens of a foreign country.

Defendant is correct that basis for federal jurisdiction asserted in the Complaint does not provide jurisdiction over this dispute because Plaintiff is a citizen of a foreign country, not of a state. The Court, however, will allow Plaintiff to amend the Complaint to correct the asserted jurisdictional basis.

**B.     Status as Real Party in Interest**

West Point argues that Romspen is not the real party in interest for purposes of this lawsuit because the Commitment states that Romspen is acting as "Trustee." *See* Commitment, Exh. A to Complaint, p. 1. West Point notes that Romspen filed this lawsuit not as Trustee, but in its individual capacity.

Romspen responds that it is not suing as Trustee for any other party, but in it own right to recover transaction fees and related costs it earned in connection with the Commitment. Romspen asserts in its Response that it entered into a Mortgage Management Agreement with Romspen Mortgage Limited Partnership ("RMLP") in January 2006. Pursuant to that agreement, Romspen acts as the exclusive originator, servicer, syndicator and underwriter of RMLP's mortgage investments. Romspen explains that neither RMLP nor any trust has a financial interest in the fees for which it sues in this case.

None of these factual allegations are included in the Complaint. As a result, Plaintiff has failed to explain the discrepancy between its identification only as "Trustee" in the Commitment, which is attached as an exhibit to the Complaint, and its filing of this lawsuit in its individual capacity. Nonetheless, the Court will permit Romspen to file an amended complaint to assert an adequate factual basis for its status as the real party in interest.

### C.  Validity of Commitment

West Point moves to dismiss because the Commitment provides in bold lettering on the first page that it must be accepted by West Point "no later than five (5) business days after the date of this Commitment, failing which this Commitment shall become null and void without further notice."  *See* Commitment, Exh. A to Complaint, p. 1. West Point notes further that the Commitment provides that its terms "may not be waived or varied orally" and any amendment "must be in writing and signed by a duly authorized officer of [Romspen] and [West Point]. . .." *See id.*, ¶ 27. The Commitment was dated April 12, 2013, and was signed by West Point on April 22, 2013, more than five business days later.

Romspen argues that it has alleged conduct on the part of West Point after April 19, 2013, the deadline for West Point to accept the Commitment, that establishes that West Point at all relevant times treated the Commitment as valid. The allegations,

however, do not assert an adequate factual basis for the validity of the Commitment in light of its provisions, particularly paragraph 27. The Court will allow Plaintiff to file an amended complaint to allege a factual basis for its position that the Commitment remained valid and enforceable after April 19, 2013.

### D. Leave to Amend

In its Response, Plaintiff requests leave to amend the complaint should the Court determine that West Point's Motion to Dismiss has merit. The Court concludes that Plaintiff should be given an opportunity to amend the complaint by **November 12, 2013**. Plaintiff may not plead a claim for which it has no good faith factual basis. *See* FED. R. CIV. P. 11(b).

### IV. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendant West Point's Motion to Dismiss [Doc. # 7] is **GRANTED** without prejudice. It is further

**ORDERED** that Plaintiff shall file an Amended Complaint by **November 12, 2013**, setting forth the correct basis for this Court's subject matter jurisdiction, and alleging a factual basis for Plaintiff's status as the real party in interest and for the validity of the Commitment.

SIGNED at Houston, Texas this **25th** day of **October, 2013**.

*[signature]*

Nancy F. Atlas
United States District Judge